IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**TARAYUN LEE**                                                                                              **PLAINTIFF**

**v.**                                                     **CIVIL ACTION NO. 3:20-cv-819-KHJ-MTP**

**COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION            DEFENDANT**

## REPORT AND RECOMMENDATION

Plaintiff Tarayun Lee brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security Administration denying her claims for disability insurance benefits and supplemental security income. Having considered the parties' submissions, the record, and the applicable law, the undersigned recommends that the Commissioner's final decision be AFFIRMED and this action be DISMISSED with prejudice.

## PROCEDURAL HISTORY

On May 2, 2019, Plaintiff applied for disability insurance benefits and supplemental security income, alleging that she has been disabled since April 23, 2019, due to back pain, the inability to stand or walk for long periods of time, high blood pressure, diabetes, depression, and obesity. (Administrative Record [13] at 255-67; 295). After the agency denied Plaintiff's claim, an Administrative Law Judge ("ALJ") conducted a hearing, and on May 29, 2020, the ALJ issued a decision finding that Plaintiff was not disabled. ([13] at 35-47). Plaintiff then appealed the ALJ's decision to the Appeals Council. On November 2, 2020, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. ([13] at 5-9). Plaintiff now seeks judicial review in this Court under 42 U.S.C. § 405(g).

1

## ADMINISTRATIVE LAW JUDGE'S DECISION

In her May 29, 2020, decision, the ALJ applied the five-step sequential analysis set forth in 20 C.F.R. § 404.1520(b)-(f)[1] and determined that Plaintiff was not disabled. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 23, 2019, the alleged disability onset date. At step two, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease with radiculitis, depression, anxiety, and obesity. The ALJ found that two other medically determinable impairments—overactive bladder and migraines—were not severe. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 04, Subpart P, Appendix 1. ([13] at 37-38).

The ALJ then examined the record and determined that Plaintiff had the residual functional capacity ("RFC")[2] to perform "sedentary work as defined in 20 CFR 404.1567(a) and

---

[1] This analysis requires the ALJ to make the following determinations:
  (1) whether the claimant is presently engaging in substantial gainful activity (if so, a finding of "not disabled" is made);
  (2) whether the claimant has a severe impairment (if not, a finding of "not disabled" is made);
  (3) whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Part 404, Subpart P, Appendix 1 (if so, then the claimant is found to be disabled);
  (4) whether the impairment prevents the claimant from doing past relevant work (if not, a finding of "not disabled" is made);
  (5) whether the impairment prevents the claimant from performing any other substantial gainful activity (if so, the claimant is found to be disabled).
*See* 20 C.F.R. §§ 404.1520, 416.92. The burden of proof rests upon the claimant throughout the first four steps; if the claimant is successful in sustaining his burden through step four, the burden then shifts to the Commissioner at step five. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

[2] "Residual Functional Capacity" is defined as the most an individual can still do despite the physical and/or mental limitations that affect what the individual can do in a work setting. 20 C.F.R. §§ 404.1520(a)(4), 404.1545(a)(1).

416.967(a)[3] except she should never climb ladders, ropes, or scaffolds and should only occasionally balance, stoop, kneel, crouch, crawl, or climb ramps or stairs; additionally, she is limited to performing simple, routine tasks in which she has no more than occasional interaction with the public and coworkers." ([13] at 40). At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. At step five, however, the ALJ found that jobs existed in significant numbers in the national economy which Plaintiff could perform. Accordingly, the ALJ determined that Plaintiff was not disabled. ([13] at 45-47).

## STANDARD OF REVIEW

This Court's review of the Commissioner's decision is limited to determining whether there is substantial evidence to support the Commissioner's findings and whether the correct legal standards were applied in evaluating the evidence. *Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th Cir. 1988). Substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hames v. Heckler,* 707 F.2d 162, 164 (5th Cir. 1983). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established." *Id*.

However, "[a] finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001) (internal citations and quotations omitted). Conflicts in the evidence are for the Commissioner, not the courts, to resolve. *Selders v. Sullivan,* 914 F.2d 614, 617 (5th Cir. 1990). A court may not re-weigh the evidence, try the issues *de novo*, or substitute its judgment for the

---

[3] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a); 20 C.F.R. § 416.967(a).

3

Commissioner's, "even if the evidence preponderates against" the Commissioner's decision. *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988). If the decision is supported by substantial evidence, it is conclusive and must be affirmed. *Selders,* 914 F.2d at 617. Moreover, "'[p]rocedural perfection in administrative proceedings is not required' as long as 'the substantial rights of a party have not been affected.'" *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007) (quoting *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir.1988)).

## ANALYSIS

Plaintiff presents three issues for judicial review: (1) whether the ALJ failed to consider all of the Plaintiff's vocationally significant impairments in determining her RFC; (2) whether the ALJ failed to consider use of an assistive device in determining Plaintiff's RFC; and (3) whether the ALJ failed to establish the existence of work, in significant numbers, which the Plaintiff can perform.

**Issue 1: Severe Impairment**

Although not listed among Plaintiff's impairments when she applied for disability insurance benefits and supplemental security income, an overactive bladder would eventually be added as an alleged disabling impairment. The ALJ, however, found that Plaintiff's overactive bladder was not a severe impairment. Plaintiff argues that the ALJ erred and should have accounted for Plaintiff's overactive bladder in the RFC. As previously mentioned, at step two of the sequential analysis, an ALJ determines whether the claimant has a severe impairment. An impairment is "severe" if it significantly limits a claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520(c). An impairment is not severe "if it is a slight abnormality having such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience."

*Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985). Plaintiff bears the burden of proving that she suffers from a severe impairment. *See Giles v. Astrue*, 433 Fed. Appx. 241, 246 (5th Cir. 2011).

In support of her claim, Plaintiff points to her medical treatment for overactive bladder and her testimony before the ALJ that she wears adult diapers and needs to go to the bathroom approximately ten times in a typical eight-hour period. The ALJ discussed Plaintiff's subjective complaints and her treatment for overactive bladder. The ALJ noted that in June of 2019, Plaintiff reported urinary urgency and occasional leakage throughout the day. ([13] at 38; 687). At that time, a nurse practitioner prescribed medication and discussed behavioral changes, such as limiting caffeine and carbonated beverages and weight loss. ([13] at 684-87). In January of 2020, Plaintiff reported improvement with her overactive bladder during the daytime, although her nocturia (frequent nighttime urination) had not changed. ([13] at 1165).

The ALJ focused on Plaintiff's limited treatment during the relevant time period, stating that Plaintiff had "made similar and occasional complaints," but had "only more . . . recently begun to persistently pursue treatment." ([13] at 38). The ALJ found "no indication in the record that overactive bladder has imposed work-related limitations for the twelve-month durational requirement of the Act." ([13] at 38).[4] The ALJ concluded: "Although the claimant may have a history of treatment for overactive bladder and migraine headaches, these impairments as treated, singly or in combination, constitute only a slight abnormality having such a minimal effect on the claimant it would not be expected to interfere with ability to work." ([13] at 38).

---

[4] "The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 month." 20 C.F.R. § 404.1505.

As noted above, Plaintiff bears the burden of proof at step two, and she has not met this burden. *See Giles*, 433 Fed. Appx. at 246. Substantial evidence supports the ALJ's conclusion that Plaintiff's overactive bladder was not a severe impairment and did not impose work-related limitations for a twelve-month period. Plaintiff notes that she reported a history of overactive bladder to her medical providers, but as the ALJ discussed, her medical records do not establish that this impairment imposed work-related limitations for the time required. Additionally, the ALJ found that Plaintiff's testimony concerning her symptoms, which included her testimony concerning the urgency and frequency of urination, was not supported by the record. ([13] at 41).

Plaintiff also argues that, even if her overactive bladder was not a severe impairment, the ALJ failed to consider this impairment in the RFC determination. The ALJ, however, specifically stated that in making her RFC determination, she "considered all medically determinable impairments in formulating the determined residual functional capacity." ([13] at 38). Plaintiff has failed to establish any additional work-related limitations resulting from her overactive bladder that the ALJ was required to include in Plaintiff's RFC.

**Issue 2: Assistive Device**

Plaintiff argues that the ALJ failed to consider her use of a cane or other assistive device in determining Plaintiff's RFC. The Social Security regulations recognize that assistive devices can impact a claimant's "functional capacity by virtue of the fact that one or both upper extremities are not available for such activities as lifting, carrying, pushing, and pulling." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.00(J)(4). But, an ALJ need not consider an assistive device in the RFC assessment unless the device is medically necessary. "To find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the

circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information)." SSR 96-9p. An ALJ "must always consider the particular facts of a case." *Id*.

Plaintiff calls the Court's attention to her testimony that she was prescribed a walker and that she uses a motorized buggy for shopping, a walking stick around the house, and a walker in public. She also points to medical records showing that she has an abnormal gait. The ALJ acknowledged Plaintiff's testimony concerning a prescription for a walker, her use of assistive devices, and her immobility. ([13] at 41). The ALJ also acknowledged medical findings concerning Plaintiff's abnormal gait. ([13] at 42).

Ultimately, however, the ALJ rested her decision, in part, on Plaintiff's medical records, which contradict her alleged troubles with ambulation. The ALJ found Plaintiff's medical treatment notes to be largely "unremarkable." ([13] at 42). For instance, medical findings from May of 2019 showed that Plaintiff had no abnormal range of motion, no joint laxity, no muscle weakness, and no decreased muscle tone. ([13] at 42; 803). Radiographs taken of Plaintiff's spine in May of 2019 revealed no problems. ([13] at 664). Findings from a physical examination in January of 2020 were normal. ([13] at 1035-36).

The ALJ discredited the severity of Plaintiff's alleged symptoms—particularly her alleged immobility—due to the lack of objective medical evidence. According to the ALJ: "The type of atrophy and muscle loss one would expect from the extended, profound inactivity and functional limitations described by claimant . . . are simply not shown in medical evidence." ([13] at 42).

The ALJ also noted that no doctor had prescribed assistive devices or remarked on their medical necessity during the relevant time period. ([13] at 42). The ALJ concluded that "[w]hile

7

the claimant uses and/or reported using a cane and or walker, the evidence does not support a finding of medical necessity for ongoing use of a cane, or other walking/balancing assistive device." ([13] at 42-43).

The ALJ pointed to credible medical findings to support her decision, and under the Court's limited review, this constitutes substantial evidence. *Boyd*, 239 F.3d at 704. The undersigned recognizes that some evidence of record supports Plaintiff's claims. This Court, however, does not resolve conflicts in the evidence; that is left to the discretion of the Commission. *Selders*, 914 F.2d at 617. Here, Plaintiff has failed to show that no credible evidence supports the Commissioner's determination. The ALJ properly articulated her consideration of the evidence, and substantial evidence supports the ALJ's RFC determination.

**Issue 3: Existence of Work in Significant Numbers**

At step five of the sequential analysis, the ALJ considered whether jobs existed in significant numbers in the national economy that Plaintiff could perform. The ALJ enlisted the assistance of a vocational expert ("VE"). To determine the extent to which Plaintiff's limitations eroded the occupational base, the ALJ asked the VE whether jobs existed in the national economy for an individual with Plaintiff's age, education, work experience, and RFC. The VE testified that such an individual would be able to perform jobs such as addresser, cutter-paster, and document preparer, which are listed in the Department of Labor's Directory of Occupational Titles ("DOT").[5] ([13] at 46).

---

[5] The DOT "comprise[s] a comprehensive listing of job titles in the United States, along with detailed descriptions of requirements for each job, including assessments of exertional levels and reasoning abilities necessary for satisfactory performance of those jobs." *Gaspard v. Soc. Sec. Admin.*, 609 F. Supp. 2d 607, 612 (E.D. Tex. 2009).

The ALJ erred at step five, says the Plaintiff, by relying on the VE's testimony. Plaintiff challenges the VE's testimony in two respects. First, Plaintiff argues that the DOT is obsolete and the Commissioner has failed to establish that the jobs of addresser and cutter-paster exist in significant numbers. Second, Plaintiff argues that the Commissioner has failed to establish that she has the mental capacity or education to perform the job of document preparer.

According to Plaintiff, the DOT is outdated and the VE should not have relied on it. Plaintiff cites a study published in May of 2011—the Occupational and Medical-Vocational Claims Review Study—which called into question whether the jobs of addresser and cutter-paster currently exist in significant numbers in the economy.

However, "[w]hether the DOT is outdated is not a determination this Court can make." *Walker v. Berryhill*, 2017 WL 6883894, at *5 (N.D. Tex. Dec. 19, 2017). The issue of the DOT's credibility has been resolved through the rulemaking process. The governing regulations list the DOT as a reliable source for information regarding jobs that exist in the national economy of which the Administration may take administrative notice. *See* 20 C.F.R. §§ 404.1566(d)(1) & 1569; *see also* SSR 00-4p ("we rely primarily on the DOT"); *Caldwell v. Berryhill*, 2019 WL 3802853, at *5 (S.D. Tex. Aug. 13, 2019); *Sigler v. Commissioner*, 2020 WL 3097380, at *6 (D. Colo. June 11, 2020) ("the ALJ was under no obligation to take administrative notice of [the Review Study], whereas the ALJ did rely on the DOT and testimony of a vocational expert, both of which are considered reliable sources by governing regulations."); *Linda Michelle M. v. Saul*, 2019 WL 7762203, at *6-7 (N.D. Tex. Dec. 27, 2019) ("The Regulations explicitly allow the ALJ to employ the DOT in determining whether there is work the claimant can do."). This Court "is not at liberty to substitute its judgment for those regulations." *New v. Comm'r of SSA*, 2014 WL 7361602, at *9 (N.D. Miss. Dec. 23, 2014). The

9

ALJ "did not err in relying on the VE testimony based off of information from the DOT." *Banks v. Colvin*, 2013 WL 12101099, at *14 (S.D. Tex. June 28, 2013). "Any argument that the ALJ fails to apply proper legal standards or otherwise commits legal error by relying on the DOT job descriptions as relevant evidence to support a finding that there is other work plaintiff can perform despite his severe impairments is without merit." *Joseph T. v. Saul*, 2020 WL 930514, at *9 (N.D. Tex. Jan. 29, 2020).

Moreover, Plaintiff questioned the VE concerning the listed jobs, and the VE testified that she has observed these jobs and they had evolved but were still available. ([13] at 145). The VE stated: "the jobs have evolved. Of course, the DOT, as we all are well aware of, is not updated, and has not—certain things have not been updated. But the positions are the same. It's just the tools have evolved, due to change[s] in technology. But processes may vary a little bit, but the jobs basically are the same. It's just the tools are different." ([13] at 146). An ALJ may rely on VE testimony to establish that jobs exist in significant numbers. *See* 20 C.F.R. § 404.1566(e).

An ALJ "has an affirmative responsibility to ask about any possible conflict between VE evidence and the DOT before relying on VE evidence to support a determination of not disabled." *Graves v. Colvin*, 837 F.3d 589, 592 (5th Cir. 2016). The ALJ asked about any such conflicts at the hearing as required. ([13] at 145). Substantial evidence supports the ALJ's finding that the jobs of addresser and cutter-paster exist in significant numbers in the economy.

Turning to the job of document preparer, Plaintiff argues that she lacks the mental capacity or education to perform the job. Plaintiff again asks the Court to look outside the DOT. According to Plaintiff, the more recent Occupational Outlook Handbook ("OOH") published by the Bureau of Labor Statistics indicates that the job of document preparer is now characterized as

a general office clerk and provides that general office clerks "usually need a high school diploma or equivalent." Plaintiff also asserts that that the job is performed at a reasoning level 3 and, thus, is inconsistent with the ALJ's RFC assessment limiting Plaintiff to "performing simple, routine tasks." ([13] at 40).

The DOT classifies every listed job as requiring a reasoning ability level from 1 to 6. *See Gaspard*, 609 F. Supp. 2d at 612. Plaintiff submitted a job specialty report indicating that document preparer has a reasoning level of 3. ([14-1] at 25). Reasoning level 3 calls for a worker to be able to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form," and "[d]eal with problems involving several concrete variables in or from standardized situations" DOT, App. C., 1991 WL 688702 (4th ed. 1991). Plaintiff argues that this reasoning level is inconsistent with the RFC assessment limiting her to "performing simple, routine tasks."

However, "[t]his Court has joined the majority of federal district courts in holding that a residual functional capacity limited to simple work or tasks is not necessarily inconsistent with level three reasoning." *Gates v. Berryhill*, 2019 WL 5091604, at *3 (S.D. Miss. June 27, 2019) (internal quotations and brackets omitted); *see also Ruffin v. Colvin*, 2017 WL 536549, at *4 (S.D. Miss. Feb. 8, 2017) (collecting cases). Accordingly, no apparent conflict existed between the VE's testimony and the DOT, and the ALJ was not required to explore the matter further.

As for Plaintiff's argument based on the OOH's suggestion that a high school diploma may be needed for the job of document preparer, the undersigned previously noted that the ALJ is allowed to rely on the DOT. *See supra* pp. 9-10; *see also Mielke v. Saul*, 2020 WL 6576781, at *9 (N.D. Tex. May 27, 2020) ("the DOT—not the OOH—is the standard that the Social Security Administration uses"). Additionally, the VE testified that she observed, and knew the

11

requirements of, the job of document preparer and that Plaintiff could perform the job. ([13] at 145-48). The ALJ was entitled to rely of this testimony. *See* 20 C.F.R. § 404.1566(e). Finally, because Plaintiff was given the opportunity to ask the VE questions at the hearing and failed to question the ALJ about the educational requirements of the job of document preparer, she has waived the argument. *See Carey v. Apfel*, 230 F.3d 131, 146-47 (5th Cir. 2000) (a claimant "should not be permitted to scan the record for implied or unexplained conflicts between the specific testimony of an expert witness and the voluminous provisions of the DOT, and then present that conflict as reversible error, when the conflict was not deemed sufficient to merit adversarial development in the administrative hearing."). Substantial evidence supports the ALJ's finding that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.

## CONCLUSIONS AND RECOMMENDATIONS

Based on the foregoing, the undersigned finds that the Commissioner's decision is supported by substantial evidence and that no reversible error of law was committed by the ALJ. Accordingly, the undersigned recommends that the Commissioner's final decision be AFFIRMED and this action be DISMISSED with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party,

except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

    This 24th day of June, 2022.

                                                  s/ Michael T. Parker
                                                  United States Magistrate Judge