UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TARAYUN LEE                                                                                    PLAINTIFF

V.                                        CIVIL ACTION NO. 3:20-CV-819-KHJ-MTP

KILOLO KIJAKAZI, Acting
Commissioner of Social Security                                                DEFENDANT

ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation ("Report") of United States Magistrate Judge Michael T. Parker. [18]. For the reasons stated, the Court adopts the findings and recommendations of the Magistrate.

I. Facts and Procedural History

Tarayun Lee applied for disability insurance and supplemental security income in May 2019, alleging a disability beginning in April 2019. Admin. Record. [13] at 251–63. After being denied benefits, Lee sought and obtained a hearing before an administrative law judge ("ALJ"). *See id.* at 54. The ALJ held a hearing and ultimately found that Lee was not disabled under the Social Security Act. *Id.* at 31–43. The Appeals Council denied review, so the ALJ's decision became the final decision of the Commissioner of the Social Security Administration ("Commissioner"). *Id.* at 1–3. Lee sought review of the decision by suing in this Court under 42 U.S.C. § 405(g). Compl. [1].

Lee argues that the ALJ erred in three ways: (1) the ALJ did not properly consider her overactive bladder as a vocationally significant impairment when

determining her residual functional capacity ("RFC"), (2) the ALJ did not properly consider her need for an assistive device to walk in determining her RFC, and (3) the ALJ failed to establish the existence of jobs, in significant numbers, which Lee could perform. *See* Lee Brief [14] at 2–11. After review, the Magistrate Judge recommended that the Court find the Commissioner's decision supported by substantial evidence, affirm the decision, and dismiss the case with prejudice. [18] at 12.

Written objections to the Report were due by July 8, 2022. The Report notified the parties that failure to file written objections to the findings and recommendations by that date would bar further appeal in accordance with 28 U.S.C. § 636. *Id.* at 12–13. Lee timely objected to the Report, reiterating the arguments she made against the ALJ's initial determination. Obj. [19] at 2–3.

II.     Standard

The Court reviews de novo the portions of the Magistrate's Report to which Lee objects, 28 U.S.C. § 636(b)(1), while the remaining portions may be subject to the clearly erroneous, abuse of discretion, and contrary to law standards of review. *See United States v. Brigham*, 569 F.3d 220, 228 (5th Cir. 2009) (citation omitted). The Court is not "required to reiterate the findings and conclusions of the magistrate judge." *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) (citing *Nettles v. Wainwright*, 677 F.2d 404, 406-07 (5th Cir. Unit B 1982)).

III.   Analysis

When reviewing the Commissioner's decision, the Court must uphold the finding if there are no errors of law and substantial evidence supports factual determinations. *See Underwood v. Bowen*, 828 F.2d 1081, 1082 (5th Cir. 1987) (citations omitted); 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Adams v. Bowen*, 833 F.2d 509, 511 (5th Cir. 1987) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). When substantial evidence supports a fact, the Court should not reweigh evidence or substitute its judgment for the Commissioner's. *Fields v. Bowen,* 805 F.2d 1168, 1169 (5th Cir. 1986).

Lee objects to the Report's findings on all three issues for review, ultimately arguing that substantial evidence does not support the ALJ's decision. She reasserts that the ALJ did not properly consider the limitations caused by both her urinary frequency and use of a cane. [19] at 2. She also objects to the finding that substantial evidence supports the ALJ's conclusion that work exists in significant numbers which Lee can perform. *Id.* at 2–3. The Court will review each of the Magistrate's findings de novo.

A.  Consideration of Overactive Bladder in Determining RFC

Lee first alleges error in the ALJ finding that her overactive bladder is not a severe impairment and this finding's effect on the ALJ's ultimate RFC determination. [14] at 4–6. When deciding whether an individual has a disability,

the Social Security Administration ("SSA") uses a five-step evaluation process. *See, e.g.*, 20 C.F.R. § 404.1520. The second step requires consideration of the medical severity of the impairments. *Id.* An impairment is not severe "only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work." *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985) (alteration in original) (citation omitted).

As the Magistrate Judge correctly observed, substantial evidence supports the ALJ's conclusion that Lee's bladder problems were not severe impairments. The ALJ observed that Lee has scheduled treatment for her urinary infrequency and been prescribed medication for her overactive bladder. [13] at 34 (citing [13] at 687 (record of prescribed medication and behavioral modifications); [13] at 1257 (Botox injections scheduled for treatment)). Evidence exists, too, that the prescribed medicine caused her condition to improve. *See id.* at 1161. A reasonable mind might accept this as evidence to discount Lee's testimony and find her urinary problems are not severe enough to interfere with her ability to work.

Even if incorrect about whether Lee's urinary infrequency was "severe," the ALJ expressly considered the impairment in formulating Lee's RFC. *Id.* at 34, 37. Because the ALJ considered "the limiting effects of all [Lee's] impairment(s), *even those that [were] not severe*, in determining [Lee's RFC]," the ALJ committed no reversible error in finding that the impairment was not severe. 20 C.F.R. §§ 404.1545(e), 416.945(e); *Adams*, 833 F.2d at 512 (where an ALJ erred in acknowledging a significant impairment as severe but proceeded to find the

impairment did not disable claimant under a later step in the evaluation, there was no ground for remand). The ALJ's consideration of Lee's overactive bladder is both supported by substantial evidence and contains no reversible error of law.

### B. Failure to Consider Assistive Device in Determining RFC

Lee asserts that the ALJ erred in holding that the record did not support finding medical necessity for use of a cane or other assistive device. [14] at 7. She also contends that the ALJ did not obtain vocational testimony on the impact of a cane upon the performance of sedentary jobs, and consequently, the ALJ lacked appropriate evidence at step 5 of the sequential evaluation. *Id.* at 7–8.

When an individual's RFC is reduced such that she cannot perform substantially all the administratively noticed unskilled sedentary occupations, she is considered unable to "perform the full range of sedentary work." SSR 96-9p, 61 Fed. Reg. 34478 (July 2, 1996). But an inability to perform substantially all sedentary unskilled jobs does not require a finding of disability. *Id.*

The need for hand-held assistive devices can hinder one from performing the full range of sedentary work. But for an ALJ to find hand-held assistive devices medically necessary, "there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed." *Id.* Even where needed, the ALJ must consider the particular facts in each case. *Id.* Generally, the unskilled sedentary occupational base will not be significantly impacted by the need for an assistive device "only for prolonged ambulation, walking on uneven terrain, or ascending or

descending slopes." *Id.* Because sedentary work only requires "occasional lifting of light objects . . . with a lifting capacity for only 10 pounds," persons who use assistive devices "may still have the ability to perform [these] . . . carrying requirements." *Id.*

The ALJ found that Lee has the RFC "to perform sedentary work" subject to some limitations including climbing ramps or stairs. [13] at 36. When considering Lee's ability to walk and her use of assistive devices, the ALJ found that evidence did not support the use of a cane or assistive device as a medical necessity. *Id.* at 38–39. The ALJ based this conclusion on medical evidence showing normal motor strength and normal sensory findings, together with the lack of any recent prescription for an assistive device. *Id.* at 38; *see also* [18] at 6–8. Lee cites no objective medical evidence outside of her own testimony and others' observations of her walker use and abnormal gait. *See* [14] at 6–7. The ALJ considered this evidence but ultimately held the record did not support finding an assistive device was necessary for ambulation. [13] at 38–39. The ALJ applied the law correctly, and a reasonable mind might accept it as adequate to support the ALJ's conclusion.

Even so, the ALJ found Lee limited in her ability to walk due to her obesity and outlined specific limitations to her ability to perform sedentary work. *Id.* at 39. The ALJ held that Lee remained capable of standing and walking for two hours and lifting up to ten pounds but incapable of climbing ramps or stairs—limitations expressly contemplated by SSR 96-9p for those who are medically required to have assistive devices. *Id.* The ALJ tailored vocational questions to this RFC and found

enough jobs exist in the economy despite the eroded occupational base. *Id.* at 42. For these reasons, the ALJ's decision pertaining to Lee's need for assistive devices are supported by substantial evidence.

    C. Existence of Work

Lee finally challenges the ALJ's decision at step five of the sequential evaluation, arguing that the ALJ erred in finding work exists in significant numbers within her RFC by relying on the vocational expert's ("VE") testimony. [14] at 6–8; [19] at 8. Specifically, Lee contends the VE's testimony was unreliable because it (1) identified certain jobs in the economy inconsistent with Lee's RFC, and (2) identified jobs the Commissioner, in 2011, conveyed were potentially obsolete. [19] at 2–5.

Lee argues that the job of "document preparer" identified by the VE, which is performed at reasoning level three,[1] is beyond Lee's mental limitations to simple and repetitive tasks. *Id.* at 3. As the Magistrate Judge observed, this Court has found "an RFC limited to simple work or tasks is not necessarily inconsistent with level [three] reasoning." *Ruffin v. Colvin*, No. 3:16-CV-18-DPJ-FKB, 2017 WL 536549, at *4 (S.D. Miss. Feb. 8, 2017) (citations omitted) (compiling cases).

Yet Lee objects, stating that there is still an apparent conflict between the Dictionary of Occupational Titles ("DOT") and the VE's testimony that the ALJ

---

[1] The Dictionary of Occupational Titles states that a person at a level three of reasoning development can "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form[, and d]eal with problems involving several concrete variables in or from standardized situations." DOT, App. C, Components of the Definition Trailer, 1991 WL 688702 (1991).

7

must resolve. [19] at 4. Lee is correct that an ALJ has an affirmative responsibility to ask the VE about apparent conflicts between the VE's testimony and the DOT. SSR 00-4P, 2000 WL 1898704 (Dec. 4, 2000). But a conflict is only "apparent" if it "seems to" conflict with the DOT. *See Everhart v. Comm'r of Soc. Sec.,* No. 3:17-CV-188-DAS, 2018 WL 3614196, at *3 (N.D. Miss. July 27, 2018) (citing *Pearson v. Colvin*, 810 F.3d 204, 209 (4th Cir. 2015)). "While it is quite possible that some top level-three reasoning jobs may conflict with [limitations to simple, repetitive tasks]," it is not apparent such limitations conflict with all level-three jobs. *Gates v. Berryhill*, No. 3:18-CV-283-DPJ-LRA, 2019 WL 5091604, at *3 (S.D. Miss. June 27, 2019), *report and recommendation adopted*, No. 3:18-CV-283-DPJ-LRA, 2019 WL 3761148 (S.D. Miss. Aug. 9, 2019) (citations omitted) (compiling cases). Because the VE's testimony does not seem to conflict with the DOT, the ALJ was not required to inquire more. The ALJ did not err in relying on testimony pertaining to the job of "document preparer" in the step five determination.

Lee also argues that an occupational study conducted in 2011 reveals that the jobs of addresser and cutter-and-paster may be obsolete. [19] at 5–6. SSA regulations authorize use of both the DOT and the services of vocational experts and specialists. *See, e.g.*, 20 C.F.R. § 404.1566(d)–(e). The ALJ did not err by relying on these sources, even if evidence exists to the DOT's obsolescence or to doubt the VE's testimony. Moreover, the VE's testimony addressed the obsolescence concern and concurred with the DOT. *See* [13] at 141–42 ("[T]he jobs have evolved. Of course, the DOT, as we all are well aware of, is not updated . . . [b]ut the positions

8

are the same. It's just the tools have evolved, due to change in technology."). As a result, the ALJ's decision at step five is supported by substantial evidence.

IV. Conclusion

The Court finds the Magistrate Judge's findings of fact and conclusions of law are correct. For the reasons in the Magistrate Judge's Report [18] and contained herein, the decision of the Commissioner should be affirmed.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Report and Recommendation [18] of United States Magistrate Judge Michael T. Parker, entered in this cause should be, and the same is, adopted as the finding of this Court.

IT IS, FURTHER, ORDERED AND ADJUDGED that the Commissioner's final decision is AFFIRMED, and this action is DISMISSED with prejudice.

A separate Final Judgment will issue this day.

SO ORDERED, this the 14th day of July, 2022.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE